**Quarles & Brady** LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Deana S. Peck (AZ Bar No. 004243)
*dpeck@quarles.com*
Donald J. Karl (AZ Bar No. 019841)
*dkarl@quarles.com*

Attorneys for Plaintiffs Global Royalties, Ltd.
and Brandon Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Royalties, Ltd., a Canadian corporation; Brandon Hall, a Canadian citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>Xcentric Ventures, L.L.C., an Arizona limited liability company d/b/a ripoffreport.com and/or badbusinessbureau.com; Ed Magedson and Jane Doe Magedson, husband and wife,<br><br>Defendants. | NO.<br><br>**COMPLAINT**<br><br>**(Enforcement of Foreign Judgment; Defamation)** |

For their Complaint against defendants Xcentric Ventures, L.L.C., Ed Magedson, and Jane Doe Magedson, (collectively, "Defendants") plaintiffs Global Royalties, Ltd. ("Global Royalties"), and Brandon Hall ("Hall") (collectively, "Plaintiffs"), allege as follows:

QBPHX\128716.00002\2087971.1

**Parties, Jurisdiction, and Venue**

1. Global Royalties is a Canadian corporation with its principal place of business in Mississauga, Ontario.

2. Hall is a Canadian citizen and a principal of Global Royalties.

3. Xcentric Ventures, L.L.C., is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona. Xcentric has caused acts to occur within Maricopa County, Arizona, that give rise to this action.

4. On information and belief, Ed Magedson ("Magedson") is a resident of the State of Arizona and the managing member of Xcentric. Magedson directs and controls Xcentric's activities including, but not limited to, operating an Internet website with the domain name "ripoffreport.com" (the "Ripoffreport.com Website").

5. On information and belief, Jane Doe Magedson is Magedson's wife. The true name of Jane Doe Magedson is unknown to Plaintiffs and, therefore, she is sued under a fictitious name. On learning the true name of Jane Doe Magedson, Plaintiffs will amend this Complaint to add her true name.

6. At all times relevant to the allegations contained herein, Magedson was acting on behalf, and for the benefit, of the marital community of Magedson and Jane Doe Magedson.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**General Allegations**

*The Defamatory Statements.*

8. Xcentric is the registered owner of the Internet domain names ripoffreport.com, badbusinessbureau.com, and badbusinessbureau.org. Magedson is shown as the administrative contact for Xcentric in the domain name registration information for each name.

9. The Ripoffreport.com Website can be accessed by Internet users by using the domain name ripoffreport.com. The Ripoffreport.com Website informs visitors that it is a service of badbusinessbureau.com and a worldwide consumer reporting website and publication on which consumers can post their complaints about businesses or individuals.

10. Any Internet user who tries to visit a website using either the Internet domain name badbusinessbureau.com or badbusinessbureau.org is automatically directed to the Ripoffreport.com Website.

11. The Ripoffreport.com Website encourages visitors to post numerous and repeated complaints about businesses or individuals. On information and belief, Xcentric and Magedson use the resulting complaints as leverage to coerce businesses and individuals to pay for Xcentric's assistance in investigating and resolving the posted complaints.

12. Spencer Sullivan ("Sullivan") is a resident of Tennessee.

13. On or about March 27, 2006, Sullivan posted a statement ("First Statement") on the Ripoffreport.com Website accusing Plaintiffs of operating a scam involving the sale of gem stones.

14. Sullivan posted the First Statement in a category with the name "Con Artists" which he selected from a list of categories created by Xcentric and Magedson. On information and belief, individuals who post information on the Ripoffreport.com Website must select a category for their postings from a list of category names predetermined by Xcentric and Magedson.

15. On or about June 8, 2006, Sullivan posted a second statement ("Second Statement") on the Ripoffreport.com Website in which he claimed that individuals associated with Plaintiffs were dishonorable and had engaged in criminal acts. Sullivan also complained that Plaintiffs (through counsel) had "threatened" him with legal action and that, in response to that threat, "I am stating that I have no information that would

1  indicate that Global Royalties is following anything but the best of business practices."
2  Sullivan advised anyone considering doing business with Plaintiffs to first contact the
3  Royal Canadian Mounted Police ("RCMP") Commercial Crime Unit.

4      16. On or about June 16, 2006, Sullivan posted a third statement ("Third
5  Statement") on the Ripoffreport.com Website. Sullivan stated that Plaintiffs (through
6  counsel) had threatened him again and asked him not to mention Plaintiffs on the
7  Ripoffreport.com Website. Sullivan advised anyone considering doing business with
8  Plaintiffs to first contact the RCMP and stated that "I would think that any upstanding
9  commercial operation could bear the scrutiny of a crime unit without any issue."

10     17. On information and belief, Sullivan intended the First Statement, Second
11 Statement, and Third Statement (collectively, "Statements") to disrupt Plaintiffs' business
12 in Ontario, Canada, and elsewhere.

13     ***Defendants' Responsibility For The Defamatory Statements.***

14     18. Through counsel, Plaintiffs contacted Sullivan and explained to him that the
15 Statements were based on misunderstandings about Plaintiffs and that the Statements were
16 false and injurious to Plaintiffs' personal and business reputations.

17     19. Sullivan contacted the Defendants in an effort to have the Statements
18 removed, but Defendants refused to do so.

19     20. Despite Sullivan's efforts to have the Statements removed from Defendants'
20 website, Defendants still have not removed the Statements.

21     21. Defendants knew that Plaintiffs were citizens and residents of Ontario,
22 Canada. Defendants knew that the Statements were particularly directed toward Ontario.

23     ***The Canadian Judgment.***

24     22. On July 24, 2006, Plaintiffs sued Sullivan and Xcentric in the Superior
25 Court of Justice in Ontario, Canada ("the Ontario Lawsuit"). Plaintiffs claimed that
26 Sullivan and Xcentric were liable to them for defamation because of the statements that

1  Sullivan had posted and that Xcentric, despite Sullivan's requests, had refused to remove. Among other things, Plaintiffs sought monetary damages in the amount of $500,000 (Can.), plus interest and costs, and injunctive relief requiring Xcentric to remove any reference to Plaintiffs from the Ripoffreport.com Website and any other website maintained by Xcentric.

23. On September 30, 2006, Xcentric was served by leaving a true and correct copy of the Statement of Claim in the Ontario Lawsuit with G. Peter Busnack, who is listed in the records of the Arizona Corporation Commission as Xcentric's statutory agent.

24. Despite notice of the Ontario Lawsuit and an opportunity to be heard, Xcentric failed to appear and defend itself.

25. On February 9, 2007, Sullivan and Xcentric were served by mail with notice of Plaintiffs' intent to seek injunctive relief in the Ontario court on February 23, 2007.

26. Despite adequate notice and an opportunity to be heard, Xcentric did not appear to defend itself at the February 23, 2007 hearing.

27. On February 26, 2007, the Ontario court entered its order ("the Ontario Order"), a true and correct copy of which is attached hereto as Exhibit A. The Ontario Order:

    a. required Xcentric to remove the Statements from the Ripoffreport.com Website and any other website that it operates;

    b. forbade Xcentric from posting any further defamatory messages concerning Plaintiffs on the Ripoffreport.com Website or any other website that it operates;

    c. referred the issues of damages for trial.

28. Defendants have refused, and continue to refuse, to remove the Statements from the Ripoffreport.com Website.

## FIRST CLAIM FOR RELIEF
### (Enforcement Of Foreign Judgment Against Xcentric)

29. Plaintiffs incorporate all previous allegations as if fully set forth herein.

30. The Ontario Superior Court of Justice had subject matter jurisdiction over the claims asserted in the Ontario Lawsuit and personal jurisdiction over Xcentric.

31. Xcentric had a full and fair opportunity to defend itself against the claims in the Ontario Lawsuit and failed to do so.

32. The Ontario Order is a valid act of a foreign court entitled to recognition and enforcement in Arizona.

## SECOND CLAIM FOR RELIEF
### (Defamation)

33. Plaintiffs incorporate all previous allegations as if fully set forth herein.

34. Defendants adopted the Statements as their own when they refused to remove the Statements from the Ripoffreport.com Website despite Sullivan's disavowal of their contents and his directions to Defendants that they remove them.

35. Defendants' statements were false and have brought Plaintiffs into disrepute in their businesses, and have otherwise impeached Plaintiffs' honesty, integrity, virtue, and reputation.

36. Defendants knew or should have known that their statements were false or else Defendants acted in reckless disregard of the truth or falsity of their statements.

37. Defendants knew or should have known that their statements would cause Plaintiffs to suffer pecuniary and reputational harm. In fact, Defendants intended that their statements would harm Plaintiffs' business and personal reputations.

38. Defendants' statements have harmed Plaintiffs' reputations, prejudiced Plaintiffs in conducting their business, and deterred customers and potential customers from dealing with them, thereby injuring Plaintiffs in an amount not less than $450,000 (U.S.).

39. Plaintiffs will suffer irreparable injury unless Defendants are required to remove their statements about Plaintiffs from the Ripoffreport.com Website and any other website that Defendants control, and to refrain from posting any further defamatory statements about Plaintiffs on the Ripoffreport.com Website and any other website that Defendants control.

WHEREFORE, Plaintiffs Global Royalties, Ltd., and Brandon Hall respectfully demand judgment in their favor, and against Defendants Xcentric Ventures, L.L.C., and Ed Magedson and Jane Doe Magedson, husband and wife, as follows:

    a) recognizing and enforcing the terms of the Ontario Order as though it were an Order of this Court;

    b) for injunctive relief requiring Defendants, and any individual or entity associated with Defendants, to remove the defamatory statements about Plaintiffs from the Ripoffreport.com Website, and any other website that Defendants control, and prohibiting Defendants from posting any further defamatory statements about Plaintiffs on the Ripoffreport.com Website, and any other website that Defendants control;

    c) awarding Plaintiffs their damages in an amount to be proven at trial;

    d) awarding Plaintiffs such other and further relief as the Court deems just and proper.

/ / / / /

/ / / / /

/ / / / /

1      DATED this 10th day of May, 2007.

                               QUARLES & BRADY STREICH LANG LLP
                               Renaissance One
                               Two North Central Avenue
                               Phoenix, AZ  85004-2391

                               By    s/Deana S. Peck
                                     Deana S. Peck
                                     Donald J. Karl

                               Attorneys for Plaintiffs Global Royalties, Ltd. and Brandon Hall