Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

Deana S. Peck (AZ Bar No. 004243)
*dpeck@quarles.com*
André H. Merrett (AZ Bar No. 020889)
*amerrett@quarles.com*

Attorneys for Plaintiffs Global Royalties, Ltd.
and Brandon Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Royalties, Ltd., a Canadian corporation; Brandon Hall, a Canadian citizen, <br><br> Plaintiffs, <br><br> vs. <br><br> Xcentric Ventures, L.L.C., an Arizona limited liability company d/b/a ripoffreport.com and/or badbusinessbureau.com; Ed Magedson and Jane Doe Magedson, husband and wife, <br><br> Defendants. | NO. 2:07-CV-956-PHX-FJM <br><br> **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS** |

Global Royalties, Ltd. and Brandon Hall (collectively "Plaintiffs") respectfully requests that the Court deny Defendants Xcentric Ventures, L.L.C.'s and Edward Magedson's (collectively "Defendants") Motion to Dismiss.

I.    **INTRODUCTION**

In their motion to dismiss, Defendants articulate their theories of defense and/or argue what they perceive to be the merits of the case. Defendants do not genuinely

challenge the sufficiency of the pleadings that constitute Plaintiffs' claims -- the proper function of a motion to dismiss. Moreover, Defendants do not (and cannot) argue that this Court, after liberally viewing and construing Plaintiffs' Complaint in the light most favorable to Plaintiffs, must conclude that it is beyond doubt that Plaintiffs can prove no set of facts entitling it to relief. For this reason, Defendants' motion must be dismissed.

## II.    ARGUMENT

### A.    MOTION TO DISMISS STANDARD.

In considering motions to dismiss, the Court must presume that the plaintiff's allegations are true, and grant the motion only if it appears beyond doubt that the plaintiff can prove no set of facts entitling it to relief. *See Resolution Trust Corporation v. Dean*, 854 F.Supp 626, 631-32 (D.Ariz. 1994). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support its claim. *Id.*; *see also J.K. v. Dillenberg* 836 F.Supp 694, 700 (D.Ariz. 1993) ("The purpose of a motion to dismiss is to test the formal sufficiency of the pleadings that constitute the claim. A motion to dismiss is not to be used as a procedure for resolving a contest about the facts or the merit of the case.") Under this standard, motions to dismiss are viewed with disfavor. *Dean*, 854 F.Supp. at 632.

It is with this standard in mind that the Court must determine Defendants' motion. Guided by this standard, and appropriately viewing the allegations in Plaintiffs' Complaint, the Court can only conclude that Plaintiffs have sufficiently alleged facts upon which they may be entitled to the enforcement of a foreign judgment against Defendants and to the recovery of damages against Defendants for their publication of defamatory statements. Accordingly, Defendants' motion must be dismissed.

**B.** **PLAINTIFFS HAVE SUFFICIENTLY STATED A CLAIM FOR ENFORCEMENT OF A FOREIGN JUDGMENT AGAINST DEFENDANTS.**

Arizona courts use the Restatement (Third) of Foreign Relations Law of the United States (the "Restatement") to analyze whether to recognize and enforce a foreign judgment. *Alberta Securities Commission v. Ryckman*, 200 Ariz. 540, 545, 30 P.3d 121, 126 (Ariz. App. 2001). The Restatement creates a strong presumption of the validity of a foreign judgment. *Id.*

Pursuant to Section 481 of the Restatement, subject to certain exceptions, a final judgment of a foreign court is entitled to recognition in Arizona. An Arizona court may not recognize a judgment of a foreign court if the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with due process of law or the court that rendered the judgment did not have jurisdiction over the defendant in accordance with its laws and the rules set forth in Section 421 of the Restatement. *See* Restatement at § 482.

As alleged in Plaintiffs' Complaint, on February 26, 2007 the Ontario Superior Court of Justice (the "Ontario Court") entered its order (the "Ontario Order") which (a) required Defendants to remove statements that Plaintiffs claimed were defamatory from the ripoffreport.com website and any other website that Defendants operate; (b) forbade Defendants from posting any further defamatory messages concerning Plaintiffs on the ripoffreport.com website or any other website that Defendants operate; and (c) referred the issue of the amount of damages suffered by Plaintiffs as a result of the defamatory statements for trial. Additionally, Plaintiffs allege that the Ontario Court had subject matter jurisdiction over the claims asserted in that action, personal jurisdiction over Defendants and that the Ontario Order is a valid act of a foreign court entitled to recognition and enforcement in Arizona. In other words, Plaintiffs have alleged the existence of a final judgment of a foreign court that was rendered by a court of competent

1  jurisdiction in a proceeding that comports with due process of law. Plaintiffs have

2  undoubtedly alleged facts upon which they may be entitled to enforcement of the Ontario

3  Order.

4  **C.    PLAINTIFFS HAVE ALLEGED FACTS SUFFICIENT TO STATE A CLAIM FOR DEFAMATION AGAINST DEFENDANTS.**

5  Plaintiffs have alleged that Defendants adopted and published false and defamatory

6  statements they knew or should have known were false, or that Defendants published the

7  defamatory statements in reckless disregard of the truth of falsity of the statements.

8  Plaintiffs further allege that Defendants knew or should have known that the false and

9  defamatory statements would cause them to suffer pecuniary and reputational harm and

10 that the false and defamatory statements have caused such harm.

11 In order to prove its defamation claim, a plaintiff must show:

12 (a) a false and defamatory statement(s);

13 (b) an unprivileged publication of the statement(s);

14 (c) fault amounting at least to negligence on the part of the
         publisher; and

15

16 (d) harm caused by the statement(s).

17 Restatement (Second) of Torts § 558. Plaintiffs have alleged facts upon which they may

18 be entitled to recovery against Defendants for defamation. Defendants do not contend

19 otherwise. Instead, Defendants make arguments as to why they believe they will prevail

20 on this claim. This is not the purpose of a motion to dismiss.

21 Defendants first argue that the statute of limitations bars Plaintiffs' defamation

22 claim as far as one of the defamatory statements is concerned. In this regard, Defendants

23 rely on the date that the alleged defamatory statement was published by its original

24 publisher, Spencer Sullivan, an individual who is not a party to this action. Defendants

25 ignore, however, that Plaintiffs' defamation claim is based upon the allegations that

26 Defendants adopted as their own and published the defamatory statements after the

statements' original publication date. Assuming these facts to be true, as the Court must, it is clear that Plaintiffs have alleged facts upon which relief may be granted against Defendants on the defamation claim.

Defendants next argue that one or more of the defamatory statements are not actionable as a matter of law or are subject to the defense of truthfulness. Here, Defendants improperly focus on the merits of Plaintiffs' defamation claim rather than on the sufficiency of the allegations contained in the Complaint. For this reason also, Defendants' motion to dismiss Plaintiffs' defamation claim must me denied.

Finally, Defendants dedicate a significant amount of time to their argument that Plaintiffs' defamation claim is subject to dismissal because Defendants are entitled to immunity under the Communications Decency Act, 47 U.S.C. § 230 (the "CDA"). However, Defendants' reliance on this argument at this stage in the proceeding is misguided.

In *Hy Cite Corporation v. BADBUSINESSBUREAU.COM, LLC*, 418 F.Supp.2d 1142 (D.Ariz. 2005), the seller of dinnerware and cookware brought an action against Defendants and a limited liability company owned or controlled by Defendants. There, as here, Defendants moved to dismiss the plaintiff's claims for defamation citing the immunity afforded by the CDA. The court held that whether the Defendants were entitled to immunity under the CDA could not be determined on a motion to dismiss. 418 F.Supp at 1149. Central to the court's holding was the question whether Defendants could be considered to have created or developed the allegedly wrongful content posted on their website. 418 F.Supp.2d at 1148-1149. The same question exists in this case.

Here, Plaintiffs have alleged that the Defendants adopted the defamatory content posted on its website as its own. This allegation could support a finding that Defendants are responsible for the creation or development of the defamatory content and, therefore, not entitled to immunity under the CDA. Indeed, this fact once proven, will render the

1  CDA inapplicable. Under these circumstances, and as instructed by *Hy Cite*, whether

2  Defendants are entitled to immunity under the CDA cannot be determined at this stage of

3  the case.

4  **III.    CONCLUSION**

5         Plaintiffs have sufficiently alleged facts upon which relief may be granted against

6  Defendants for enforcement of a foreign judgment and for defamation. Defendants do not

7  genuinely dispute the sufficiency of the allegations upon which Plaintiffs' claims are

8  based. Instead, Defendants argue for a determination of the merits of Plaintiffs' claims at

9  this early stage in the proceeding. Because the purpose of a motion to dismiss is to test

10 the sufficiency of the pleadings that constitute the claim, and not to resolve arguments

11 about facts or the merits of a case, Defendants' motion must be denied.

12         DATED this 14th day of August, 2007.

13

14                                        QUARLES & BRADY LLP
                                          Renaissance One
                                          Two North Central Avenue
15                                        Phoenix, AZ 85004-2391

16

17                                        By     s/André H. Merrett
                                              Deana S. Peck
18                                            André H. Merrett

19                                        Attorneys for Plaintiffs Global Royalties,
                                          Ltd. and Brandon Hall
20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

1

2          I hereby certify that on August 14, 2007, I electronically transmitted the attached

3   document to the Clerk's Office using the CM/ECF System for filing.

4   Copy mailed to:

5   Honorable Frederick J. Martone
    United States District Court
6   Sandra Day O'Connor U.S. Courthouse, Suite 526
    401 West Washington Street, SPC 62
7   Phoenix, AZ  85003

8

9
    /s/ Lisa Fox
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26