Maria Crimi Speth, #012574
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants Edward
Magedson and Xcentric Ventures, L.L.C.

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| GLOBAL ROYALTIES, LTD., a Canadian corporation; BRANDON HALL, a Canadian citizen,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, L.L.C. *et al.*,<br><br>Defendants. | Case No.: CV 07-956 PHX-FJM<br><br>**MOTION TO STRIKE PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**<br><br>(Assigned to Hon. Frederick J. Martone) |

Pursuant to Fed. R. Civ. P. 12(f), Defendants EDWARD MAGEDSON ("Magedson") and XCENTRIC VENTURES, L.L.C. ("Xcentric") respectfully move this Honorable Court for an order striking Plaintiff GLOBAL ROYALTIES, LTD.'s ("Global Royalties") "Notice of Filing Supplemental Authority".

The single item of "supplemental authority" attached to Plaintiff's notice is an order from a federal court in Texas *denying* a Rule 12(b)(2) Motion to Dismiss for lack of Personal Jurisdiction brought by Defendants. Global Royalties appears to suggest that the Texas Court's ruling (finding that under the specific facts of that case, Defendants had sufficient contacts with Texas and were subject to personal jurisdiction in Texas) represents "authority" upon which this Court could find that Defendants are subject to personal jurisdiction in *Canada*. This argument is improper and completely devoid of legal and factual merit and Plaintiff's notice should be stricken pursuant to Fed. R. Civ. P. 12(f).

First, the *denial* of a Motion to Dismiss is a non-final, non-appealable order. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 526 108 S.Ct. 1945, 1952 (1988) (recognizing, "the denial of a claim of lack of jurisdiction is not an immediately appealable collateral order.") (citing *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). As a non-final order, the denial of a Motion to Dismiss is, by definition, "not final" and is expressly subject to revision at any time before entry of final judgment. *See* Fed. R. Civ. P. 54(b).

Second, because of their interlocutory nature, non-final orders such as the one cited by Plaintiff are not entitled to either *res judicata* or collateral estoppel effect and therefore the order cited by Plaintiff has no precedential value whatsoever in this case. *See generally* 47 Am. Jur. 2d *Judgments* § 489 (stating rule that collateral estoppel does not apply unless, *inter alia*, "the prior adjudication resulted in a final judgment on the merits.") (citing extensive authority for premise).

Third, to the extent Plaintiff is attempting to invoke the doctrine of *stare decisis* by asking this Court to follow a non-final decision from another district court in a different state, that position fails for the same reason—*stare decisis* does not apply to either unpublished or non-final decisions, and both such defects are present here. *See* 20 Am. Jur. 2d *Courts* § 133 (noting, "The principle of *stare decisis* is said to apply only to … published decisions …" and "the following have no *stare decisis* effect: … Nonfinal decisions.") (emphasis added) (citing *Newberry v. City of St. Louis*, 234 Mo. App. 104, 109 S.W.2d 876 (1937); *see also Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 note 13 (9th Cir. 1977) (observing, "The doctrine of *stare decisis* does not compel one district court judge to follow the decision of another . . . Thus a decision of one district court is not binding upon a different district court.") (emphasis added) (quoting *Palo Alta v. San Francisco*, 548 F.2d 1374 (9th Cir. 1977) (citing 1B *Moore's Federal Practice* P 0.402(1), p. 61 (2d ed. 1947)).

Based on these principles, the "supplemental authority" which Plaintiff attempts to cite is simply not "authority" at all. It is a non-final order which is not material here.

2

10297-1/DSG/DSG/614968_v1
Case 2:07-cv-00956-FJM   Document 19   Filed 10/10/2007   Page 2 of 4

Fourth, as previously explained in Defendants' Motion to Dismiss filed in this case, the determination of personal jurisdiction in this matter is controlled by the Restatement (Third) of Foreign Relations Law (1987):

> **§ 482. Grounds For Nonrecognition Of Foreign Judgments**
>
> (1) A court in the United States <u>may not</u> recognize a judgment of the court of a foreign state if:
> …
>   (b) the court that rendered the judgment <u>did not have jurisdiction over the defendant in accordance with the law of the rendering state and with the rules set forth in § 421</u>. (emphasis added)

Although some parts of the applicable tests are similar, this unique body of law concerning questions of international jurisdiction is simply not the same as the usual "minimum contacts" standards applied in U.S. Courts. Although not explained by Plaintiff, the Texas Court in the "authority" cited by Plaintiff resolved an issue of whether Defendants were subject to personal jurisdiction in Texas. That ruling (which Defendants will appeal if they are not successful on the merits) was based solely on U.S. law, and did not in any way involve the application or interpretation of either Canadian law or the Restatement of Foreign Relations Law. Thus, even if Plaintiff's "supplemental authority" was appropriate for citation here (which it is not), the authority is entirely irrelevant and immaterial because the issues involved were different both legally and factually.

For each of the foregoing reasons, Defendants respectfully move this Honorable Court for an order striking Plaintiff's "Notice of Filing Supplemental Authority" pursuant to Fed. R. Civ. P. 12(f).

DATED this 10th day of October 2007.

        **JABURG & WILK, P.C.**

        /s/ David S. Gingras
        Maria Crimi Speth
        David S. Gingras
        Attorneys for Defendant Xcentric
        Ventures, L.L.C. and Ed Magedson

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

**Certificate of Service**

I hereby certify that on October 10, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Andre H. Merrett
Deana S. Peck
Quarles & Brady, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004
Attorneys for Plaintiffs

And a copy of the foregoing hand delivered on October 10, 2007, to:

Honorable Frederick J. Martone
United States District Court
District of Arizona

s/Debbie Gower