Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

André H. Merrett (AZ Bar No. 020889)
*amerrett@quarles.com*

Deana S. Peck (AZ Bar No. 004243)
*dpeck@quarles.com*

Attorneys for Plaintiffs Global Royalties, Ltd.
and Brandon Hall

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Global Royalties, Ltd., a Canadian corporation; Brandon Hall, a Canadian citizen,<br><br>Plaintiffs,<br><br>vs.<br><br>Xcentric Ventures, L.L.C., an Arizona limited liability company d/b/a ripoffreport.com and/or badbusinessbureau.com; Ed Magedson and Jane Doe Magedson, husband and wife,<br><br>Defendants. | NO. CV 07-0956-PHX-FJM<br><br>**PLAINTIFFS' FIRST AMENDED COMPLAINT** |

For their First Amended Complaint against defendants Xcentric Ventures, L.L.C., Ed Magedson, and Jane Doe Magedson, (collectively, "Defendants") plaintiffs Global Royalties, Ltd. ("Global Royalties"), and Brandon Hall ("Hall") (collectively, "Plaintiffs"), allege as follows:

## Parties, Jurisdiction, and Venue

1. Global Royalties is a Canadian corporation with its principal place of business in Mississauga, Ontario.

2. Hall is a Canadian citizen and a principal of Global Royalties.

3. Xcentric Ventures, L.L.C., is an Arizona limited liability company with its principal place of business in Maricopa County, Arizona. Xcentric has caused acts to occur within Maricopa County, Arizona, that give rise to this action.

4. On information and belief, Ed Magedson ("Magedson") is a resident of the State of Arizona and the managing member of Xcentric. Magedson directs and controls Xcentric's activities including, but not limited to, operating an Internet website with the domain name "ripoffreport.com" (the "Ripoffreport.com Website").

5. On information and belief, Jane Doe Magedson is Magedson's wife. The true name of Jane Doe Magedson is unknown to Plaintiffs and, therefore, she is sued under a fictitious name. On learning the true name of Jane Doe Magedson, Plaintiffs will amend this Complaint to add her true name.

6. At all times relevant to the allegations contained herein, Magedson was acting on behalf, and for the benefit, of the marital community of Magedson and Jane Doe Magedson.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## General Allegations

8. Xcentric is the registered owner of the Internet domain names ripoffreport.com, badbusinessbureau.com, and badbusinessbureau.org. Magedson is shown as the administrative contact for Xcentric in the domain name registration information for each name.

9. The Ripoffreport.com Website can be accessed by Internet users by using the domain name ripoffreport.com. The Ripoffreport.com Website informs visitors that it is a service of badbusinessbureau.com and a worldwide consumer reporting website and publication on which consumers can post their complaints about businesses or individuals.

10. Any Internet user who tries to visit a website using either the Internet domain name badbusinessbureau.com or badbusinessbureau.org is automatically directed to the Ripoffreport.com Website.

11. The Ripoffreport.com Website encourages visitors to post numerous and repeated complaints about businesses or individuals.

12. Visitors' complaints posted on the Ripoffreport.com Website are discovered by millions of consumers. Search engines, such as Google, automatically discover these complaints, meaning that within just a few days or weeks, complaints may be found on search engines when consumers search using key words relating to a business or individual.

13. On information and belief, Xcentric and Magedson use the resulting complaints as leverage to coerce businesses and individuals to pay for Xcentric's Corporate Advocacy Program, which purports to provide assistance in investigating and resolving the posted complaints. True and correct copies of relevant pages from Xcentric's Ripoff Report website are attached hereto as Exhibit 1.

14. Non-party Spencer Sullivan ("Sullivan") is a resident of Tennessee.

15. On or about March 27, 2006, Sullivan posted a statement ("First Statement") on the Ripoffreport.com Website accusing Plaintiffs of operating a scam involving the sale of gem stones.

QBPHX\128716.00002\2135747.1 -3-
Case 2:07-cv-00956-FJM    Document 22    Filed 11/01/2007    Page 3 of 7

16. Sullivan posted the First Statement under a category entitled "Con Artists", thereby accusing Plaintiffs of being con artists, in addition to the complaints contained in the First Statement.

17. Plaintiffs discovered the First Statement on May 15, 2006, when a Global Royalties customer brought the posting to Hall's attention.

18. Individuals who post a complaint on the Ripoffreport.com Website must answer several questions created and developed by Xcentric and Magedson.

19. Individuals who post a complaint on the Ripoffreport.com Website are required to select a category for their postings from a list of titles created and developed by Xcentric and Magedson.

20. Xcentric and Magedson were solely responsible for the creation and development of the category entitled "Con Artists."

21. Xcentric and Magedson were solely responsible for the creation and development of the defamatory portion of the First Statement that wrongfully accused Plaintiffs of being con artists.

22. On or about June 8, 2006, Sullivan updated the First Statement by posting a subsequent statement ("Second Statement") on the Ripoffreport.com Website in which he claimed that individuals associated with Plaintiffs were dishonorable and had engaged in criminal acts. Sullivan also complained that Plaintiffs (through counsel) had "threatened" him with legal action and that, in response to that threat, "I am stating that I have no information that would indicate that Global Royalties is following anything but the best of business practices." Sullivan advised anyone considering doing business with Plaintiffs to first contact the Royal Canadian Mounted Police ("RCMP") Commercial Crime Unit.

23. On or about June 16, 2006, Sullivan again updated the First Statement when he posted a third statement ("Third Statement") on the Ripoffreport.com Website.

Sullivan stated that Plaintiffs (through counsel) had threatened him again and asked him not to mention Plaintiffs on the Ripoffreport.com Website. Sullivan advised anyone considering doing business with Plaintiffs to first contact the RCMP and stated that "I would think that any upstanding commercial operation could bear the scrutiny of a crime unit without any issue."

24. On information and belief, Sullivan intended the First Statement, Second Statement, and Third Statement (collectively, "Statements") to disrupt Plaintiffs' business in Ontario, Canada, and elsewhere.

25. Through counsel, Plaintiffs contacted Sullivan and explained to him that the Statements were based on misunderstandings about Plaintiffs and that the Statements were false and injurious to Plaintiffs' personal and business reputations.

26. Sullivan contacted the Defendants in an effort to have the Statements removed, but Defendants refused to do so.

27. Despite Sullivan's efforts to have the Statements removed from Defendants' website, Defendants still have not removed the Statements.

28. Defendants knew that Plaintiffs were citizens and residents of Ontario, Canada. Defendants knew that the Statements were particularly directed toward Ontario.

## FIRST CLAIM FOR RELIEF
### (Defamation)

29. Plaintiffs incorporate all previous allegations as if fully set forth herein.

30. Defendants have published statements that were false, have brought Plaintiffs into disrepute in their businesses, and that have otherwise impeached Plaintiffs' honesty, integrity, virtue, and reputation.

31. Defendants knew or should have known that their statements were false or else Defendants acted in reckless disregard of the truth or falsity of their statements.

32. Defendants knew or should have known that their statements would cause Plaintiffs to suffer pecuniary and reputational harm. In fact, Defendants intended that their statements would harm Plaintiffs' business and personal reputations.

33. Defendants' statements have harmed Plaintiffs' reputations, prejudiced Plaintiffs in conducting their business, and deterred customers and potential customers from dealing with them, thereby injuring Plaintiffs in an amount not less than $450,000 (U.S.).

WHEREFORE, Plaintiffs Global Royalties, Ltd., and Brandon Hall respectfully demand judgment in their favor, and against Defendants Xcentric Ventures, L.L.C., and Ed Magedson and Jane Doe Magedson, husband and wife, as follows:

    A. Awarding Plaintiffs their damages in an amount to be proven at trial; and

    B. Awarding Plaintiffs such other and further relief as the Court deems just and proper.

DATED this 1st day of November, 2007.

        QUARLES & BRADY STREICH LANG LLP
        Renaissance One
        Two North Central Avenue
        Phoenix, AZ 85004-2391

        By   s/André H. Merrett
           André H. Merrett
           Deana S. Peck

        Attorneys for Plaintiffs Global Royalties, Ltd.
        and Brandon Hall

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2007, I electronically transmitted the attached document to the clerk's Office using the CM/ECF System for filing.

Copy mailed to:

Honorable Frederick J. Martone
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 526
401 West Washington Street, SPC 62
Phoenix, AZ 85003


s/Lisa M. Fox