Maria Crimi Speth, #012574
David S. Gingras, #021097
**JABURG & WILK, P.C.**
3200 North Central Avenue, Suite 2000
Phoenix, Arizona 85012
(602) 248-1000

Attorneys for Defendants Edward Magedson and Xcentric Ventures, L.L.C.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| GLOBAL ROYALTIES, LTD., a Canadian corporation; BRANDON HALL, a Canadian citizen,<br><br>Plaintiffs,<br><br>v.<br><br>XCENTRIC VENTURES, L.L.C. *et al.*,<br><br>Defendants. | Case No.: CV 07-956 PHX-FJM<br><br>**MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>(Assigned to Hon. Frederick J. Martone) |

Defendants EDWARD MAGEDSON ("Magedson") and XCENTRIC VENTURES, L.L.C. ("Xcentric"; collectively "Defendants") respectfully request that this Court dismiss the above-captioned action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Amended Complaint fails to state a claim upon which relief can be granted.

As explained below, nothing in Plaintiff's Amended Complaint resolves any of the defects which previously caused this Court to dismiss this matter (with leave to amend). As such, the Court should again dismiss this case under Rule 12(b)(6).

## I. <u>INTRODUCTION</u>

As the Court is aware, this case began on May 10, 2007 with a Complaint which contained two independent theories: 1.) That Plaintiff was entitled to enforce a Canadian "judgment" (actually more akin to a preliminary injunction); and 2.) the same facts supported an independent claim against Defendants for defamation.

Dockets.Justia.com

On August 3, 2007 Defendants filed a Motion to Dismiss (Doc. #13) which argued that both of Plaintiffs' theories failed to present claims upon which relief could be granted. On October 10, 2007, this Court entered an Order (Doc. #20) granting Defendants' motion and ordered the case dismissed, with leave to amend.

On November 1, 2007, Plaintiffs filed an Amended Complaint (Doc. #22) as permitted by the Court's prior ruling. In the new Complaint, Plaintiffs have entirely abandoned any/all mention of the pending Canadian litigation and it appears that Plaintiffs no longer seek any relief in this Court based on any injunctions/orders entered in the Canadian action. As such, this Motion does not address the Canadian issue.

This leaves only Plaintiffs' single standalone claim for relief—defamation. However, despite some minor "tweaking" of facts, nothing in the Amended Complaint has changed and certainly no new facts have been alleged which are sufficient to produce a different result than the one this Court has already reached—Plaintiffs' defamation claim is prohibited by the Communications Decency Act, 47 U.S.C. § 230.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

## II. ARGUMENTS RE: MERITS OF PLAINTIFFS' DEFAMATION CLAIM

### A. The "First Statement" Is *STILL* Barred By The Statute of Limitations

As noted in Defendants' original Motion to Dismiss, Plaintiffs' original Complaint described three separate statements which form Plaintiffs' defamation claim. The same three statements have been re-alleged again in the Amended Complaint.

The first statement, set forth in ¶ 15 of the Amended Complaint, was allegedly published on March 27, 2006. This action was commenced more than one year later on May 10, 2007.

As Defendants explained in their original motion, even if true, this allegation fails to state a claim because it is barred by the 1-year limitations period of A.R.S. § 12-541. *See Glaze v. Marcus*, 151 Ariz. 538, 729 P.2d 342 (App. 1986) (1-year limit on actions for libel/slander). As explained before, this 1-year period begins to run on the date of publication, not the date the plaintiff discovers the publication. *See Lim v. Superior Court*, 126 Ariz. 481, 482 (App. 1980).

In an apparent effort to save this part of their claim, the Amended Complaint contains a "new" allegation in ¶ 17 which conveniently alleges, "Plaintiffs discovered the first statement on May 15, 2006, when a Global Royalties customer brought the posting to [Plaintiffs'] attention." (emphasis added). Obviously, the implication is that because Plaintiffs only "discovered" the First Statement on May 15, 2006, this action was timely when filed on May 10, 2007 because the statute of limitations was tolled under a "discovery rule" theory.

This argument is directly contrary to well-settled Arizona law; "Many cases that have considered whether failure to discover the defamation affects the running of the statute of limitations have held it does not." *Clark v. Airesearch Manu. Co. of Ariz.*, 138 Ariz. 240, 241–42, 673 P.2d 984, 985–86 (App. 1983) (citing *Wilson v. Retail Credit Co.*, 438 F.2d 1043 (5th Cir. 1971); *Brown v. Chicago, Rock Island & Pacific Railroad Co.*, 323 F.2d 420 (8th Cir. 1963); *White v. Fawcett Publications*, 324 F.Supp. 403 (W.D.Mo. 1970); *Patterson v. Renstrom*, 188 Neb. 78, 195 N.W.2d 193 (1972). On the contrary, Arizona applies the discovery rule only in a very limited context wherein, "the alleged defamatory statements are published under circumstances in which they are likely to be kept secret from the injured party for a considerable time." *Clark*, 138 Ariz. at 242, 673 P.2d 984, 986 (emphasis added).

Here, not only does the Amended Complaint fail to allege that Defendants published any statements in a "secret" manner, ¶ 12 of the Amended Complaint alleges exactly the *opposite*:

> ¶ 12. Visitors' complaints posted on the Ripoffreport.com Website are discovered by millions of consumers. Search engines, such as Google, automatically discover these complaints, meaning that within just a few days or weeks, complaints may be found on search engines when consumers search using key words relating to a business or individual. (emphasis added)

Clearly, assuming these allegations are true, there is no basis to apply the discovery rule to the First Statement, and that statement is time-barred under A.R.S. § 12-541.

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

In addition to the statute of limitations problem, the First Statement is still subject to dismissal based on the Communications Decency Act arguments which were previously explained at length in Defendants' original Motion to Dismiss. In granting that motion, this Court correctly observed that the CDA barred Plaintiffs' claims because, "[t]he most plaintiff alleges is that defendant supplied a list of titles from which Sullivan [the author] picked the phrase "Con Artists" to label the first statement. This minor and passive participation in the development of content will not defeat CDA immunity, which can even withstand more active participation." MTD Ruling (Doc. #20) at 5:20–22 (citing *Batzel v. Smith*, 333 F.3d 1018, 1035 (9th Cir. 2003)).

Despite this, in ¶¶ 18–21 of the Amended Complaint, Plaintiffs continues to allege that Defendants are "solely responsible for the creation and development of the category entitled 'Con Artists'" and therefore, by extension, Defendants are liable for Mr. Sullivan's decision to place his report into that category. Of course, this Court has already ruled this theory incompatible with the CDA, and that logic is soundly supported by the Ninth Circuit's decision in not only *Batzel*, but also *Carafano v. Metrosplash.com, Inc*. in which the Court rejected an argument similar to the one presented by Plaintiffs here:

> Carafano responds that Matchmaker contributes much more structure and content than eBay by asking 62 detailed questions and providing a menu of "pre-prepared responses." However, this is a distinction of degree rather than of kind, and Matchmaker still lacks responsibility for the "underlying misinformation."

*Carafano,* 339 F.3d 1119, 1125 (9th Cir. 2003) (holding that CDA applied to website even though site required users to select answers from a list of pre-written choices). Just as in *Carafano*, it makes no difference that Defendants have created a variety of category choices for users to pick from (most of which are entirely benign, though "Con Artists" is among the list), nor is CDA immunity lost because users of Ripoff Report website create their reports, in part, by responding to questions drafted by Defendants; "The fact that some of the content was formulated in response to Matchmaker's questionnaire does not alter this conclusion. … Matchmaker cannot be considered an 'information content

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

provider' under the statute because no profile has any content until a user actively creates it." *Id*. at 1124 (emphasis added).

This logic controls here. The Amended Complaint admits that all allegedly defamatory content was created by a third party user of the Ripoff Report website – Spencer Sullivan. Because Mr. Sullivan's report(s) (whether one or three or more) contained no content until Mr. Sullivan created them, the CDA applies in full to any and all claims based on *that content* and although Mr. Sullivan might be, Defendants simply are not responsible for the accuracy of this third-party content.

Again, because the Amended Complaint contains no substantially new factual allegations, this Court's prior finding that the CDA applies should stand. This does not mean that Plaintiffs are left without any remedy. As other courts have noted, "Plaintiffs are free under section 230 [of the CDA] to pursue the originator of a defamatory Internet publication. Any further expansion of liability must await Congressional action." *Barrett v. Rosenthal*, 40 Cal.4th 33, 77–78, 146 P.3d 510, 529 (Cal. 2006).

## III. CONCLUSION

For the reasons stated above, Defendants respectfully request an order dismissing Plaintiffs' Amended Complaint pursuant to Ariz. R. Civ. P. 12(b)(6) on the basis that the pleading fails to state a claim upon which relief can be granted.

DATED this12th day of November 2007.

**JABURG & WILK, P.C.**

/s/ David S. Gingras
Maria Crimi Speth
David S. Gingras
Attorneys for Defendant Xcentric Ventures, L.L.C. and Ed Magedson

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012

## **Certificate of Service**

I hereby certify that on August 12, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Donald Joseph Karl
Andre H. Merrett
Deana S. Peck
Quarles & Brady, LLP
One Renaissance Square
Two North Central Avenue
Phoenix, Arizona 85004
Attorneys for Plaintiffs

And a copy of the foregoing mailed on August 13, 2007, to:

Honorable Frederick J. Martone
United States District Court
District of Arizona

s/David S. Gingras

JABURG & WILK, P.C.
ATTORNEYS AT LAW
3200 NORTH CENTRAL AVENUE
SUITE 2000
PHOENIX, ARIZONA 85012